UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

JAN FRASER AND ANDREA
FRASER,

     Plaintiffs,

v.                                                    Case No.:  5:26-cv-68-SPC-PRL

TRUIST BANK,

     Defendant.

---

## **OPINION AND ORDER**

Before the Court is Defendant Truist Bank's Motion to Dismiss Plaintiffs Jan Fraser and Andrea Fraser's Complaint.  (Doc. 14).  Plaintiffs responded in opposition.  (Doc. 24).  For the following reasons, the Court grants the motion.

In late 2024, Plaintiffs received several calls notifying them that they had won over $7.5 million, a Mercedes Benz, and $10,000 per week for the rest of their lives from the Publishers Clearing House ("PCH").  A subsequent email advised them that receiving such a prize can generate tax implications with the IRS, but to "ensure that this joyous occasion remains as such," PCH would cover all tax liabilities.  It would send the funds via FedEx to cover the tax obligations.  To receive their winnings, Plaintiffs needed to open a new bank account with Truist Bank for the deposit of the funds to pay their tax liabilities associated with their winnings.  Plaintiffs were instructed that once PCH

deposited the money in the new account, Plaintiffs should withdraw that money in the form of a cashier's check to FedEx to someone at the IRS to pay taxes on their winnings.

In December 2024, Plaintiffs opened a new account. But they did not transfer or authorize anyone to transfer any money from their original accounts with Truist Bank to the new account. Nevertheless, a series of allegedly fraudulent transfers were made from Plaintiffs' accounts to the new account, including a $97,450.23 transfer, a $95,422.33 transfer, and a $15,000 transfer. Plaintiffs believed that PCH money had been deposited into the new account, so they requested cashier's checks from Truist Bank and forwarded them by FedEx. They did not know that the funds had been wrongfully transferred from their original accounts to the new account. Plaintiffs allege the individuals behind the PCH fraud were responsible for the transfers from their original account to their new account at Truist Bank.

Plaintiffs' attorney tried to obtain records from Defendant to understand how the transfers occurred, but Defendant has not provided the requested records. As such, Plaintiffs allege they "are unable to properly commence a suit, as questions remain regarding as to who was responsible for the transfer of funds between the original accounts and the new account with Truist Bank." (Doc. 1-2 ¶ 21).

2

In December 2025, Plaintiffs sued Defendant in the Circuit Court for the Fifth Judicial District in and for Lake County.  In January 2026, Defendant removed the case under this Court's diversity jurisdiction.  (Doc. 1).

The pleading filed in state court is titled Petition for Pre-suit Discovery Pursuant to Rule 1.290(a), Fla. R. Civ. P. And Other Relief.  (Doc. 1-2).  Plaintiffs bring three claims: (1) petition under Rule 1.290(a), Fla. R. Civ. P. (count 1); (2) negligence (count 2); and (3) claim pursuant to Chapter 670, Fla. Stat. (count 3).  Defendant moves to dismiss all claims.

In count 1, Plaintiffs allege a claim for petition under Rule 1.290(a), Fla. R. Civ. P., in which they seek to perpetuate the testimony of Defendant's corporate representative.  (*Id.* ¶¶ 24–28).  Defendant argues that Plaintiffs cannot seek pre-dispute discovery and file a lawsuit at the same time.  (Doc. 14 at 3).  Now that the case has been removed, they contend that the relief sought is procedurally foreclosed.  (*Id.* at 5).  In their response, Plaintiffs appear to agree, stating that "[n]ow that the case has been removed to federal court and is proceeding as a civil action, standard disclosure and discovery procedures apply." (Doc. 24 at 5).

The Court concludes that count 1 must be dismissed.  As an initial matter, though Plaintiffs originally chose to sue in state court, this case is now proceeding in federal court.  "Under the *Erie* doctrine, federal courts sitting in diversity apply state substantive law and federal procedural law." *Gasperini*

*v. Ctr. for Humans., Inc.*, 518 U.S. 415, 427 (1996). Given the procedural posture of the case and based on Plaintiffs' statements that they appear to agree count 1 is no longer viable, the Court dismisses count 1 with prejudice.

Next, Plaintiffs' negligence claim. Plaintiffs allege that Defendant breached the duty to exercise reasonable care in handling their accounts by failing to investigate a potential fraud or suspicious activity; failing to intervene in potential fraud or suspicious activity; failing to adequately protect Plaintiffs' interests as depositors; and allowing unknown individuals to effectuate a transfer of funds from the original account to the new account without Plaintiffs' knowledge or consent. (Doc. 1-2 ¶ 31). Defendant argues that the negligence claim is preempted by Article 4A of the Uniform Commercial Code ("UCC"), as adopted in Chapter 673–74, Florida Statutes. (Doc. 14 at 5).

Article 4A, codified in Florida Statutes § 670.102, et seq., "controls how electronic funds transfers are conducted and specifies certain rights and duties related to the execution of such transactions." *Kazak v. Truist Bank*, 692 F. Supp. 3d 1112, 1118 (M.D. Fla. 2023) (quoting *Valdes v. Customers Bank, Inc.*, No. 8:19-CV-2603-T-33AEP, 2020 WL 13357817, at *2 (M.D. Fla. Feb. 10, 2020)) (cleaned up). "Parties whose conflict arises out of a funds transfer should look first and foremost to Article 4A for guidance in bringing and

4

resolving their claims." *Id.* (citing *Regions Bank v. Provident Bank, Inc.*, 345 F.3d 1267, 1274 (11th Cir. 2003)) (cleaned up).

Here, the Court agrees that Article 4A preempts Plaintiffs' negligence claim. At bottom, Plaintiffs allege that Defendant's security procedures and safeguards failed to stop third parties from effectuating a fraud. In a similar case, the undersigned found that a plaintiff's common law claims—including negligence—would have been preempted under the UCC if they had been pled as Plaintiffs allege here. *See Kazak*, 692 F. Supp. 3d at 1118 (citing *Peter E. Shapiro, P.A. v. Wells Fargo Bank N.A.*, 795 F. App'x 741, 750 (11th Cir. 2019) (finding no error in decision Article 4A preempted negligence claim because complaint alleged no negligence beyond the scope of the erroneous funds transfer); *Capten Trading Ltd. v. Banco Santander Int'l*, No. 17-20264-CIV, 2018 WL 1558272, at *4 (S.D. Fla. Mar. 29, 2018) (finding Florida's UCC precluded common law negligence claim where Plaintiff's claims "at bottom . . . rest on [Plaintiff's] allegations that the Bank mishandled unauthorized wire transfer requests."). The difference in *Kazak*, which salvaged the common law claims, was that the plaintiff alleged she immediately told the bank about the compromised account, the bank promised to lock the account, but the bank failed to do so. *Id.* at 1119. In that case, the allegations "extend[ed] beyond the passive mechanics of how a funds transfer was conducted and f[ell] outside the UCC regime." *Id.*

Here, Plaintiffs do not make similar allegations.  Moreover, Plaintiffs cite no case law in their brief that support the idea that their seemingly garden-variety negligence claim falls outside Article 4A's scope.  (Doc. 24 at 6).  For instance, Plaintiffs argue that "[w]hile the UCC may govern certain aspects of funds transfers, it does not eliminate the bank's fundamental duty to exercise reasonable care in protecting its customer accounts." (*Id.*).  They cite no authority in support.  *See J.L. Lane Lending, LLC v. Wells Fargo Bank Nat'l Ass'n*, 543 F. Supp. 3d 1225, 1230 (M.D. Ala. 2021) ("The Plaintiff in this case does not identify cases which would support a conclusion that its negligence claim is not displaced by [Alabama's UCC] statute.") (citing *C & N Contractors, Inc. v. Community Bancshares, Inc.*, 646 So. 2d 1357, 1362 (Ala. 1994) (holding that judgment is appropriate where U.C.C. provisions "appear[] to displace the plaintiffs' action for common law negligence or wantonness, and the plaintiffs have cited no authority to establish that it does not displace their claims.")).  The Court will not advocate on Plaintiffs' behalf, nor will it conduct their research.  "A party's failure to cite legal authority in support of its position suggests either that there is no authority to sustain its position or that it expects the court to do its research." *Alonso Cano v. 245 C & C, LLC*, No. 19-21826-CIV, 2019 WL 11769102, at *10 (S.D. Fla. Nov. 25, 2019) (cleaned up).  So, "the Court declines the invitation to do Defendants' research and rejects their arguments for failure to cite supporting authority." *Id.* (cleaned

6

up).  While negligence and Article 4A claims can coexist, Plaintiffs have not sufficiently alleged a standalone negligence claim here.  Accordingly, the Court dismisses count 2 without prejudice.

Finally, the UCC claim.  Defendant argues that the UCC claim fails under Federal Rule of Civil Procedure 8(a)(2)'s pleading standard, which provides: a "pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." (Doc. 14 at 8).  In Defendant's view, Plaintiffs have merely brought conclusory allegations against it under the entire Florida UCC code.  Plaintiffs respond that the complaint identifies specific account numbers, amounts transferred, and the dates of the transfers.  (Doc. 24 at 7).  Further, they allege that Defendant had the ability to oversee the accounts and detect the unauthorized transfers but failed to do so, and that it was negligent in its account handling. (*Id.*).

The final claim is a slightly closer call.  But on balance, the Court finds that it is overly vague.  And, again, Plaintiffs do not cite a single case supporting the idea that a claim brought under the entirety of Chapter 670 states a claim.  If this case proceeds, *Plaintiffs are on notice that they must cite authority in their briefs to support their arguments*.  On amendment, Plaintiffs must clarify which portion(s) of Florida's UCC provide the basis for their claim

7

and include sufficiently specific factual allegations to support the claim. The Court dismisses count 3 without prejudice.

Accordingly, it is now

**ORDERED:**

1. Defendant Truist Bank's Motion to Dismiss (Doc. 14) is **GRANTED**.

2. Plaintiffs' Petition for Pre-Suit Discovery Pursuant to Rule 1.290(a), Fla. R. Civ. P. And Other Relief (Doc. 1-2) is **DISMISSED**.

   a. Count 1 is **DISMISSED with prejudice**.

   b. Counts 2 and 3 are **DISMISSED without prejudice**.

3. Plaintiffs may file an amended complaint no later than **May 29, 2026**. *Failure to comply with this Order may result in dismissal without further notice.*

**DONE** and **ORDERED** in Fort Myers, Florida on May 15, 2026.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record

8