**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**OCALA DIVISION**

**JAN FRASER, ANDREA FRASER,**

**Plaintiffs,**

**v.** **Case No.: 5:26-cv-00068-SPC-PRL**

**TRUIST BANK,**

**Defendant,**
_____________________________________/

**ORDER**

This cause is before the Court on Plaintiffs' unopposed motion to substitute Andrea Fraser, as trustee of The Fraser Family Trust, in place of Jan Fraser (Doc. 48) and the Court's prior order to show cause. (Doc. 50). In the order to show cause, the Court requested additional information and authority to support the position that Andrea Fraser, as trustee of The Fraser Family Trust, was a proper party for substitution. (Doc. 50). Based on the information now before the Court, Andrea Fraser, as trustee of The Fraser Family Trust, is a proper party for substitution, and the motion to substitute (Doc. 48) is due to be granted.

Plaintiffs' response to the Court's order to show cause states that in addition to being the trustee of the family trust into which Jan Fraser's assets were transferred, Andrea Fraser was also nominated as personal representative in Jan Fraser's will, although the will remains unprobated. (Doc. 52 at 4); *see also* (Docs. 52-1, 52-2). The response further provides additional information regarding the terms of the trust, including that Jan Fraser and Andrea Fraser were both initial trustees, with either party to remain as sole trustee if the other ceased serving for any reason. (Doc. 52 at 4); (Doc. 52-2 at 12).

As discussed in the Court's order to show cause, Federal Rule of Civil Procedure 25(a)(1) provides that if a party to an action dies, "and the claim is not extinguished, the court may order substitution of the proper party." Such "[a] motion for substitution may be made by any party or by the decedent's successor or representative," and must be "made within 90 days after service of a statement noting the death" or the action will be dismissed. Fed. R. Civ. P. 25(a)(1). Here, the motion for substitution was timely, and Jan Fraser's claim was not extinguished by his death. *See id.*; Fla. Stat. § 46.021 ("[n]o cause of action dies with the person"); (Doc. 48).

Federal courts have recognized that a proper party for substitution "need not necessarily be the appointed executor or administrator of the deceased party's estate." *9 Kings Hong Kong Ltd. v. Frederick*, No. 21-81109-CV-MIDDLEBROOKS/Matthewman, 2022 WL 22872013, at *2 (S.D. Fla. May 9, 2022) (quoting *Sinito v. U.S. Dep't of Just.*, 176 F.3d 512, 516 (D.C. Cir. 1999)). Specifically, the Eighth Circuit has concluded that a "successor" for substitution purposes may include "the primary beneficiary of an already distributed estate," an individual "named in a will as the executor of the decedent's estate, even if the will is not probated," or "the primary beneficiary of an unprobated intestate estate which need not be probated." *Id.* (quoting *In re Baycol Prods. Litig.*, 616 F.3d 778, 784-85 (8th Cir. 2010)).

Rule 25 is also meant to permit flexibility in substitution of parties. *See In re Baycol Prods. Litig.*, 616 F.3d at 783 ("The purpose of the 1963 amendments to Rule 25 . . . was 'to liberalize the rule and to allow flexibility in substitution of parties.'" (quoting *Sinito*, 176 F.3d at 516)); *see also Rieck v. City of Daytona Beach*, No: 6:22-cv-454-RBD-EJK, 2023 WL 3726891, at *1 (M.D. Fla. May 30, 2023) ("Rule 25 is to be construed liberally to allow substitution in

cases where the decedent's intent was clear." (citing *Cables v. Smi Sec. Mgmt., Inc.*, NO. 10-24613-CIV-SEITZ/SIMONTON, 2012 WL 12863352, at *1 (S.D. Fla. July 16, 2012))).

Here, the response to the Court's order to show cause states that in addition to her role as trustee of The Fraser Family Trust, Andrea Fraser was also nominated as personal representative in Jan Fraser's will. (Doc. 52 at 4); (Doc. 52-1). While the will has not been probated (Doc. 52 at 4-5), and the motion for substitution states that "no estate was ever or will foreseeably be opened" for Jan Fraser (Doc. 48 at 1), other federal courts have recognized that substitution can be proper when an individual is "named in a will as the executor of the decedent's estate, even if the will is not probated." *9 Kings Hong Kong Ltd.*, 2022 WL 22872013, at *2 (quoting *In re Baycol Prods. Litig.*, 616 F.3d); *see also McSurely v. McClellan*, 753 F.2d 88, 97-99 (D.C. Cir. 1985) (per curiam) (holding that substitution was proper when surviving wives were named in their deceased husbands' wills as executors of the estates, even though the wills were never probated).

Moreover, as explained in the response to the order to show cause, the terms of The Fraser Family Trust provide that Jan Fraser and Andrea Fraser were the initial trustees, and if either party ceased serving as a trustee for any reason, the other would remain as sole trustee. (Doc. 52 at 4); *see also* (Doc. 52-2 at 12). Given Andrea Fraser's status as sole trustee and Jan Fraser's transfer of assets into the trust, in combination with Andrea Fraser's status as co-plaintiff and joint holder of the bank accounts at issue, and Jan Fraser's additional nomination of Andrea Fraser as personal representative in his will, (Doc. 48 at 1); (Doc. 52 at 4-6), the Court finds that Jan Fraser's intent for Andrea Fraser, as trustee of The Fraser Family Trust, to act as his substitute can be inferred. *See Rieck*, 2023 WL 3726891, at *1 (inferring that deceased husband intended for wife to act as his substitute when the wife was his sole

beneficiary, was co-petitioner in the action, and was co-owner of certain property). In light of the above circumstances and the flexibility permitted by Rule 25, the Court finds that Andrea Fraser, as trustee of The Fraser Family Trust, may be substituted for Jan Fraser in this action. *See In re Baycol Prods. Litig.*, 616 F.3d at 783.

Therefore, the motion for substitution (Doc. 48) is due to be **granted**. The Clerk is directed to update the case caption accordingly.

**DONE** and **ORDERED** on November 12, 2026.

PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Party