UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

ANDREA FRASER and ANDREA FRASER, as trustee of the Fraser Family Trust,

Plaintiffs,

v. Case No.: 5:26-cv-68-SPC-PRL

TRUIST BANK,

Defendant.

---

**OPINION AND ORDER**

Before the Court is Defendant Truist Bank's Motion for a More Definite Statement (Doc. 49) and Plaintiffs Andrea Fraser and Andrea Fraser, as trustee of the Fraser Family Trust's, response[1] (Doc. 51). Because, in the Court's view, Plaintiffs have addressed Defendant's main concern in their response, the Court denies the motion as moot.

This is now the *third* substantive order the Court has entered in this case, which is still in its early stages. (Docs. 29, 45). So the Court need not reiterate the background and procedural history yet again. In its most recent order, the Court granted in part and denied in part Defendant's second motion

---

[1] Plaintiffs complain about inadequate Rule 26 disclosures in their response. (Doc. 51 at 7). A response is an inappropriate procedural vehicle to raise such concerns. The Court discusses the issue no further.

to dismiss. (Doc. 45). Plaintiffs filed a Second Amended Complaint, in which they abandoned their negligence claim and proceeded on one count for violation of Chapter 670, Florida Statutes, including without limitation, §§ 670.201–670.203, Florida Statutes. (Doc. 47).

Now, Defendant moves for a more definite statement, arguing that the Second Amended Complaint "describes two very different kinds of transactions, and Plaintiffs never allege which one they contend caused the loss: (1) online electronic transfers totaling $207,872.56 between Plaintiffs' own Truist accounts; and (2) two cashier's checks totaling exactly $182,700.10 that Plaintiffs themselves requested in person and mailed to a third party. [*Id.* ¶¶ 19, 25, 29–31]." (Doc. 49 at 1–2). The Court discerns the origin of Defendant's confusion. Plaintiffs conflate the value of the cashier's checks that they requested in person and mailed to a third party fraudster ($182,700.10) with the value of the online electronic transfers between their Truist accounts ($207,872.56).

The Court will not wade into the damages dispute. But Plaintiffs' response appears to answer Defendant's central question concerning which transactions are at issue in count I. Plaintiffs state that "under Count I of the Second Amended Complaint, Plaintiffs clearly identify that the transfers at issue were *electronic funds transfers* governed by Chapter 670, Florida

Statutes. [Doc. 47 at p. 9, ¶ 40, 41, 42].” (Doc. 51 at 6 (emphasis added)). In the Court’s view, this statement clarifies any remaining confusion.

Accordingly, it is now

**ORDERED:**

Defendant Truist Bank’s Motion for a More Definite Statement (Doc. 49) is **DENIED as moot**.

**DONE** and **ORDERED** in Fort Myers, Florida on November 13, 2026.

Sheri Polster Chappell

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record